**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

```
CHARLES HORTON,             :   BIVENS ACTION
BOP No. 21153-055,          :   28 U.S.C. § 1331
     Plaintiff,            :
                            :
     v.                     :   CIVIL ACTION NO.
                            :   1:13-CV-3869-TWT-ECS
ATF AGENT NICOLAS DEGENNARO, :
et al.,                     :
     Defendants.           :
```

**SECOND FINAL REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Court on federal inmate Charles Horton's (1) civil rights complaint under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and (2) motion to recuse the Honorable Thomas W. Thrash, Jr., the district judge assigned to both this case and Horton's recent criminal case. <u>See</u> [Doc. Nos. 1, 4]; <u>see also</u> <u>United States v. Horton</u>, No. 1:11-CR-427-TWT (N.D. Ga. Sept. 6, 2011) ("Criminal Case"). For the following reasons, the undersigned recommends that Horton's <u>Bivens</u> complaint be dismissed and denies his motion to recuse.

In September 2011, Horton and three women were indicted in the Northern District of Georgia for violating federal firearms laws. <u>See</u> Criminal Case [Doc. No. 1 therein]. Among other things, the indictment charged that Horton, a New Yorker, used the women as straw purchasers to acquire firearms from three different gun shops

in Georgia by falsely representing that the women were buying guns for themselves rather than for him.  See id.

At the conclusion of a four-day trial, two of the women were dismissed as defendants, and the third was acquitted.  See id. [Doc. Nos. 163, 166, 167 therein].  Although Horton was acquitted on one count and a second count was dismissed on the government's motion, the jury nonetheless convicted Horton on each of the remaining nine counts.  See id. [Unnmbrd. Dkt. Entry dated May 16, 2012; Doc. No. 159].  Horton was sentenced to a 205-month term of imprisonment.  See id. [Doc. No. 176].  He has appealed his convictions and sentence.  See id. [Doc. Nos. 177, 185].  That appeal remains pending.

Horton has now filed an eighty-eight-page Bivens complaint, alleging that between May 2010 and October 2010, two federal agents and several private citizens working at the gun shops "did combine, and conspire, cofederate [sic], agree and have a tacit understanding with others known and unknown to the Court, to commit or allow [Horton and his co-defendants] to make false statements and representations with respect to the information required by law to be kept in the records of various federally licensed firearms dealers, by causing [his codefendants] to be recorded as the buyer (transferree) of the firearms [when] in truth . . . [Horton] was the true transferree." [Doc. No. 1 at 6].  Horton further alleges

AO 72A
(Rev.8/82)

that each of federal agents and gun shop employees knew that the purchases he and his co-defendants sought to arrange were suspicious, but nonetheless allowed them to proceed in order to build the basis for a criminal prosecution. See, e.g., [id. at 7-11]. Horton signed and - under the "mailbox rule" - "filed" his complaint on November 7, 2013. See [id. at 6]; Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary . . . , we will assume that [a filing] was delivered to prison authorities the day he signed it.").

Assuming purely for the sake of discussion that (1) the alleged "conspiracy" by the federal agents and gun shop employees to allow Horton to violate firearms law gave rise to a cause of action under Bivens and (2) that the facts supporting that cause of action were not apparent to Horton until he was indicted in September 2011, it is nonetheless clear that he forfeited that cause of action by waiting until November 2013 - after the applicable two-year limitations period had expired - to bring it. See, e.g., Kelly v. Srna, 87 F.3d 1235, 1238 (11th Cir. 1996) (applying the two-year limitations period governing § 1983 cases to Bivens cases); see also Garza v. Hudson, 436 F. App'x 924, 925 (11th Cir. 2011) (confirming that dismissal of a Bivens action for time-bar at the § 1915A screening stage is appropriate "if the issue is apparent on the face of the complaint").

3

Because Horton's claim – assuming that he had one - is now time-barred, the undersigned **RECOMMENDS** that the complaint be **DISMISSED**. <u>See</u> 28 U.S.C. § 1915A.

In his motion to recuse, Horton alleges merely that Judge Thrash is familiar with the background of this civil case because he previously presided over the Criminal Case. <u>See</u> [Doc. No. 4 at 1]. Horton asserts that this means Judge Thrash has "personal bias or prejudice" and "personal knowledge of the disputed evidentiary facts." <u>See</u> [<u>id.</u> at 2]. Horton argues that Judge Thrash's "impartiality might reasonably be questioned." <u>See</u> [<u>id.</u> at 1]. But, as the Supreme Court has stated, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). And Horton has offered no other reason that Judge Thrash should be recused.

Therefore, Horton's motion to recuse Judge Thrash is **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 16th day of January, 2014.

<u>**S/ E. Clayton Scofield III**</u>
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

```
CHARLES HORTON,                 :      BIVENS ACTION
BOP No. 21153-055,              :      28 U.S.C. § 1331
      Plaintiff,                :
                                :
      v.                        :      CIVIL ACTION NO.
                                :      1:13-CV-3869-TWT-ECS
ATF AGENT NICOLAS DEGENNARO,    :
et al.,                         :
      Defendants.               :
```

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 16th day of January, 2014.

S/ E. Clayton Scofield III
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

2